IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Alice Hall, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  10 C 5071 |
| Arrow Financial Services, LLC, a Delaware limited liability company, and Tate & Kirlin Associates, Inc., a Pennsylvania corporation, | ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Alice Hall, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Alice Hall ("Hall"), is a citizen of the State of Kentucky, from whom Defendants attempted to collect a delinquent consumer debt owed for an HSBC account, despite the fact that she was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Arrow Financial Services, LLC ("Arrow"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts from consumers in Illinois. In fact, Arrow was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Hall.

5. Defendant Arrow is licensed to conduct business in the State of Illinois, maintains a registered agent here and is headquartered here in Niles, Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Arrow conducts business in Illinois.

6. Defendant Arrow is licensed as a debt collection agency in the State Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Arrow acts as a collection agency in Illinois.

7. Defendant Arrow is a bad debt buyer, which specialize in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect, via other collection firms.

8. Defendant, Tate & Kirlin Associates, Inc. ("T&K"), is a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant T&K operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including

consumers in the State of Illinois.  In fact, Defendant T&K was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Hall.

9. Defendant T&K is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit C.  In fact, T&K conducts business in Illinois.

10. Moreover, Defendant T&K is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D.  In fact, T&K acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

11. Ms. Hall is a widow, with limited assets and income, who fell behind on paying her bills, including one she owed for an HSBC account.  At some point in time after that debt became delinquent, Defendant Arrow purchased that debt and when it began collection action on the HSBC debt, Ms. Hall sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Tate's collection actions.

12. Specifically, Defendant Arrow hired another debt collector, FMS Investment Corp., to demand payment of the Arrow/HSBC debt from Ms. Hall.  Accordingly, on April 29, 2009, one of Ms. Hall's attorneys at LASPD informed Defendant Arrow, through its agent, FMS Investment Corp., that Ms. Hall was represented by counsel, and directed Arrow to cease contacting her, and to cease all further collection activities because Ms. Hall was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

3

13. Nonetheless, despite being advised that Ms. Hall was represented by counsel and refused to pay the debt, Defendant Arrow hired another debt collector, Redline Recovery Services, to demand payment of the Arrow/HSBC debt from Ms. Hall. Accordingly, via a letter, dated June 25, 2009, Ms. Hall's attorneys at LAPSD again demanded that Defendant Arrow, through its agent, Redline Recovery Services, cease its communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Undeterred, Defendant Arrow then had Defendant T&K send Ms. Hall a collection letter, dated May 20, 2010, which continued to demand payment of the Arrow/HSBC debt. A copy of this letter is attached as Exhibit G.

15. Accordingly, on May 24, 2010, one of Ms. Hall's attorneys at LASPD informed Defendants, in writing, that Ms. Hall was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Hall was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit H.

16. Nonetheless, Defendants called Ms. Hall, from phone number 877-216-6826, to demand payment of the Arrow/HSBC debt, including, but not limited to, a telephone calls on June 22, 2010 and June 23, 2010.

17. Accordingly, on June 24, 2010, Ms. Hall's LASPD attorney sent Defendants another letter, directing them to cease their illegal communications and collection efforts. Copies of this letter and fax confirmation are attached as Exhibit I.

18. In utter disregard for the law, on July 7, 2010, Defendants again called Ms. Hall, from phone number 877-216-6926, to demand payment of the Arrow/HSBC debt.

19. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

20. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

23. Here, the letters from Ms. Hall's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

24. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

25. Plaintiff adopts and realleges ¶¶ 1-20.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

27. Defendants knew that Ms. Hall was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Hall.  By directly writing and calling Ms. Hall, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

28. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Alice Hall, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hall, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Alice Hall, demands trial by jury.

Alice Hall,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 12, 2010

6

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com